UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| INTER-NATIONAL FOUNDATION CORPORATION, ) ) ) Plaintiff, ) ) vs. ) ) DISNEY 1999 LIMITED PARTNERSHIP, ) et al., ) ) Defendants. ) | Case No. 4:10 CV 1565 RWS |

## **MEMORANDUM AND ORDER**

This matter is before me on Plaintiff Inter-National Foundation Corporation's motion for partial summary judgment. "Summary judgment is proper 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011) (quoting Fed.R.Civ.P. 56(c)(2)). The movant "bears the initial responsibility of informing the district court of the basis for its motion," and must identify "those portions of [the record] ... which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "If the movant does so, the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial." Torgerson, 643 F.3d at 1042 (internal quotation marks and citations omitted). "On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts." Id. (internal quotation marks and citations omitted). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the

facts are jury functions, not those of a judge." Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 150 (2000), (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)). The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts," and must come forward with "specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Torgerson, 643 F.3d at 1042 (internal quotation marks and citations omitted).

After careful review of the entire file, I will deny Plaintiff's motion for partial summary judgment. Plaintiff has not demonstrated that it is entitled to judgment as a matter of law on the claims raised in its second amended complaint. Viewing the facts and inferences therefrom in the light most favorable to Defendants, a rational trier of fact could find in Defendants' favor. Plaintiff may ultimately prevail on its claims, but it will not do so through summary judgment.[1]

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiff's motion for partial summary judgment [#117] is **DENIED**.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 16th day of May, 2013.

---

[1] As this case progresses, I advise Defendants to rely on facts and legal authority when arguing their case rather than resulting to unwarranted and inappropriate "name-calling."